# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

EVANDER YOUNG                                                                    PLAINTIFF
#0034229

V.                                  No. 3:21-CV-145-DPM-JTR

GREENE COUNTY DETENTION CENTER;
TAMMY GLENN, Head Nurse, Greene
County Detention Center; and DOES                                       DEFENDANTS

## INITIAL ORDER FOR *PRO SE* PRISONERS

You and eleven other prisoners[1] in the Greene County Detention Center have filed a single federal civil rights lawsuit that was severed into twelve separate lawsuits. This is the case number for *your* lawsuit. You are proceeding *pro se*, which means, without the help of a lawyer. Nevertheless, there are rules and procedures that you must follow in order to proceed with your lawsuit.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. In particular, Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[1] Joseph Stevenson, Robert L. Walker, Nooh Johnson, Jr., Raymundo Marin Quevedo, Brandon Danner, Jamye Dougan, John Rayburn, Francisco Mareno, Kenneth Carter, Sandy Gardner, III, and Theodis Diyson

**Second: The Three Strikes Rule.** The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Third: Service of Defendants.** It is your responsibility to identify all Defendants, including "John/Jane Doe" Defendants. The Court will order service on all properly identified Defendants if it determines that service is appropriate after screening your claims as required by 28 U.S.C. § 1915A.[2] However, you are responsible for providing sufficient identifying information and valid service addresses for each of them. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. **Service is not appropriate at this time.**

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a jury trial, however, a lawyer will be appointed to assist you.

**Fifth: Do Not File Discovery.** Discovery requests (such as interrogatories and requests for production of documents) and responses to discovery requests cannot be filed with the Court. Instead, you must mail discovery requests and responses directly to counsel for the Defendant. *See* Fed. R. Civ. P. 5(d). Do not mail discovery requests to Defendants' counsel until after he or she has filed an Answer or Motion to Dismiss.

**Sixth: Do Not Send Documents to the Court, Except in Two Situations.** You may send documents or other evidence to the Court only if: (1) it is attached to a Motion for Summary Judgment, or a Response thereto; or (2) the Court orders you to file documents or other evidence.

---

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

**Seventh: Witnesses.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing your witness list, the Court will subpoena the necessary witnesses.

**Eighth: Filing Fee.** *Every civil case filed by a prisoner requires the plaintiff to pay a filing fee.* 28 U.S.C. § 1915. A $402 filing and administrative fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once. If you cannot afford to pay the filing fee in a lump sum, you may file a motion to proceed *in forma pauperis* ("IFP motion"). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your institutional account. Importantly, even if your lawsuit is later dismissed, the Court will continue to collect the filing fee until it has received the full amount of $350 from your institutional account.

You have filed an IFP application that is incomplete because it does not include: (1) a certified copy of your institutional prisoner account for the 6-month period immediately preceding the filing of your Complaint; or (2) a prison calculation sheet specifying your average monthly deposits and average monthly balance in your prisoner account for the 6-month period immediately preceding the filing of your Complaint, obtained from the appropriate official. The Court must have this information to: (1) determine whether you are entitled to proceed *in forma pauperis;* and (2) assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (providing that the initial partial filing fee must be "20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal"). Accordingly, **your IFP Application (*Doc. 1*) is DENIED**, without prejudice.

The Clerk is directed to send you another IFP application (AO 240), along with a copy of this Order. **On or before October 1, 2021, you must either pay the $402 filing fee, or (1) complete and sign the IFP application; (2) have an authorized jail/prison official complete and sign the trust fund certificate and calculation sheet;[3] and (3) return all forms to the Clerk.** If you do not do so, your case will be dismissed without prejudice.

---

[3] *See* 28 U.S.C. § 1915(a) (prisoners seeking to proceed IFP must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor," and a "certified copy of the trust fund account statement…for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was committed").

Jail officials are directed to assist you in completing the necessary forms.

IT IS SO ORDERED this 1st day of September, 2021.

*[signature: J. Thomas Ray]*
UNITED STATES MAGISTRATE JUDGE